IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs at Knoxville October 15, 2013

**STATE OF TENNESSEE v. MECHELLE L. MONTGOMERY**

**Appeal from the Circuit Court for Williamson County**
**No. IICR076574    James G. Martin, III, Judge**

**No. M2013-01149-CCA-R3-CD - Filed March 12, 2014**

JEFFREY S. BIVINS, J., dissenting.

I respectfully dissent.  There appears to be little dispute about the facts of this case. In my opinion, the totality of the circumstances based on these facts demonstrate that the actions of Deputy Reiman were within the bounds of constitutional reasonableness.  Unlike the officer in State v. Moats, 403 S.W.3d 170 (Tenn. 2013), Deputy Reiman was careful to pull beside the Defendant's vehicle in the church parking lot and to not activate his blue lights when he pulled into the church parking lot.  As a result, no seizure took place at this point.

The seizure in this case took place only when Deputy Reiman obtained the Defendant's driver's license shortly after he detected the odor of alcohol and observed the slurred speech and watery eyes of the Defendant.  At this point, Deputy Reiman had reasonable suspicion to suspect that the Defendant had committed the offense of DUI. Deputy Reiman testified that he was in the parking lot with the Defendant and her passenger for a total of ten to fifteen minutes before Deputy Shoap arrived after his investigation of the "unwanted subject" investigation at the residence of the 911 caller.[1]  Although Deputy Reiman was uncertain at the second hearing how much time elapsed before Deputy Shoap returned, there is nothing in the record to contradict his time estimate in the first hearing. Moreover, the trial court made no finding questioning the credibility of Deputy Reiman.

Thus, the majority concludes that a wait of less than ten or fifteen minutes before the deputies acted upon the reasonable suspicion of the DUI rose to the level of a violation of the Defendant's constitutional rights.  Under the facts of this case, I disagree.  Although Deputy

---

[1] Indeed, Deputy Reiman's ten or fifteen minute estimate was of the *entire* time that Deputy Shoap was gone.  It had to take some amount of that time for Deputy Reiman to park his vehicle, approach the Defendant's vehicle, converse with the occupants of the vehicle, and confiscate the Defendant's driver's license.

Shoap's investigation of the 911 call apparently did not lead to evidence of an additional crime by the Defendant, Deputy Reiman had no way of knowing that until Deputy Shoap returned. In my opinion, a ten or fifteen minute wait was not unreasonable under the totality of these circumstances. Likewise, I strongly disagree with the trial court's conclusion of law that "the length of passage of time is irrelevant." To the contrary, the length of time is critical to an objective analysis of these facts. The possibility implied by the trial court that Deputy Reiman would have waited how ever long it took for Deputy Shoap to return, even if true, is effectively applying a subjective, as opposed to an objective standard. The objective standard indicates that at most a ten or fifteen minute lapse of time occurred.

For these reasons, I would reverse the judgment of the trial court and remand this case for the additional appropriate proceedings. Accordingly, I respectfully dissent from the majority opinion in this case.

_____
JEFFREY S. BIVINS, JUDGE

2